LESIAK, Appellant,

v.

OHIO ELECTIONS COMMISSION, Appellee.

[Cite as *Lesiak v. Ohio Elections Comm.* (1998), 128 Ohio App.3d 743.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE10–1420.

Decided June 30, 1998.

744

*McTigue & Brooks* and *Donald J. McTigue,* for appellant.

*Betty D. Montgomery,* Attorney General, *David M. Gormley* and *Socrates H. Tuch,* Assistant Attorneys General, for appellee.

JOHN C. YOUNG, Judge.

Appellant, Donald Lesiak, appeals to this court from the October 15, 1997 judgment entry of the trial court affirming appellee Ohio Elections Commission's order finding appellant Lesiak and Polish–Americans, Inc., a nonprofit organization, in violation of R.C. 3517.09(A), which prohibits direct or indirect solicitation of contributions, subscriptions, or payments from candidates for political office.

On December 6, 1996, the Ohio Elections Commission ("commission") found that appellant Lesiak, as secretary for Polish–Americans, Inc., had violated R.C. 3517.09(A) by soliciting "suggested donations" from political candidates attending a June 26, 1997 "candidates night," an event at which candidates could speak to members of Polish–Americans, Inc., after which the members would choose the political candidates they would endorse during the election campaign. The "suggested donations" were to be used to cover costs, including "pre-election advertising to be paid by [Polish Americans, Inc.] for our endorsed candidates." (Appellee's trial court brief, March 24, 1997, at 2.)

R.C. 3517.09(A) provides the following:

"No person or committee shall solicit, ask, invite, or demand, directly or indirectly, orally or in writing, a contribution, subscription, or payment from a candidate for nomination or election or from the campaign committee of that candidate, and no person shall solicit, ask, invite, or demand that a candidate for

nomination or election or the campaign committee of that candidate subscribe to the support of a club or organization, buy tickets to an entertainment, ball, supper, or other meeting, or pay for space in a book, program, or publication. This division does not apply to any of the following:

"(1) Regular advertisements in periodicals having an established circulation;

"(2) Regular payments to civic, political, fraternal, social, charitable, or religious organizations of which the candidate was a member or contributor six months before his candidacy;

"(3) Regular party assessments made by a party against its own candidates."

Appellant filed an administrative appeal in the Franklin County Court of Common Pleas pursuant to R.C. 119.01 *et seq.*, contesting the commission's finding that he had violated R.C. 3517.09. The trial court affirmed the commission's decision, and this appeal followed.

Appellant asserts the following assignment of error:

"The trial court erred in holding that R.C. § 3517.09(A), both on its face and as applied to Appellant, does not violate rights to speech and association guaranteed under the United States and Ohio Constitutions."

Appellant asserts that the statute in question serves no compelling governmental interest and inhibits freedom of speech and association. Appellant further asserts that the application of R.C. 3517.09(A) to the actions of appellant and his organization violated his constitutional rights to speech and association. Lesiak argues that R.C. 3517.09 is unconstitutional on the grounds that the statute is overbroad, void for vagueness, and in violation of the Ohio Constitution. Where constitutional issues such as political speech and freedom of association are presented, the standard of review to be utilized by the reviewing court is a *de novo* review, without deference being given to the agency's decision. *Jacobellis v. Ohio* (1964), 378 U.S. 184, 189, 84 S.Ct. 1676, 1678–1679, 12 L.Ed.2d 793, 798–799.

Appellant asserts that the language of R.C. 3517.09(A) is overbroad and vague, and infringes on the rights of individuals to freely communicate or associate for political debate. See *Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent* (1984), 466 U.S. 789, 796–797, 104 S.Ct. 2118, 2124–2125, 80 L.Ed.2d 772, 781–782. The United States Supreme Court held:

"[The function of the facial overbreadth doctrine is] a limited one at the outset [and] attenuates as the otherwise unprotected behavior that it forbids the State to sanction moves from 'pure speech' toward conduct and that conduct—even if expressive—falls within the scope of otherwise valid criminal laws that reflect

legitimate state interests in maintaining comprehensive controls over harmful, constitutionally unprotected conduct. * * *

" * * * To put the matter another way, particularly where conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 615, 93 S.Ct. 2908, 2917–2918, 37 L.Ed.2d 830, 842.

 The same court held that regulatory statutes which are noncensorial, and not directed at particular groups or viewpoints, are subject to less exacting overbreadth scrutiny than those statutes directed against censoring speech of a particular group. *Id.* at 616, 93 S.Ct. at 2918, 37 L.Ed.2d at 842–843. A statute, although a " 'clear and precise enactment[,] may nevertheless be "overbroad" if in its reach it prohibits constitutionally protected conduct.' " *Cincinnati v. Thompson* (1994), 96 Ohio App.3d 7, 19, 643 N.E.2d 1157, 1166, quoting *Grayned v. Rockford* (1972), 408 U.S. 104, 114–115, 92 S.Ct. 2294, 2302, 33 L.Ed.2d 222, 231. R.C. 3517.09(A) restricts only conduct associated with exacting payments from political candidates for nomination or election. The statute in question does not restrict a person's freedom of speech or that person's right to associate with individuals or groups. The statute does not restrict a candidate's right or opportunity, as alleged by appellant, to disseminate ideas to the public, nor does it prevent individuals or organizations from requesting candidates to speak to voters or other persons in order that the candidates' ideas and concerns be transmitted to the public.

 What the statute does restrict is conduct whereby persons or groups solicit "contributions" from candidates for political office. R.C. 3517.09. Appellant has stated that he and his group have traditionally "suggested" that candidates who are asked to speak before their audiences on candidates' night make "voluntary donations" to appellant's group in order to "defray costs" associated with publications regarding the candidates "endorsed" by appellant and Polish–Americans, Inc. Appellant's solicitation of "voluntary" donations is the type of conduct prohibited by the statute.

 Appellant maintains, however, that the prohibitive language of the statute will prevent candidates from "passing a collection plate at church" or from asking a political "committee for a contribution." (Appellant's brief at 11.) Legislation "will not be invalidated as overbroad simply because constitutionally impermissible applications of the legislation are conceivable. Rather, 'there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections.' " *Thompson*, 96 Ohio App.3d at 21–22, 643 N.E.2d at 1167, quoting *Members of City Council, supra*, 466 U.S. at 801–802,

104 S.Ct. at 2126, 80 L.ed.2d at 784–785. There is no language in the statute that prohibits candidates or noncandidates from associating with whom they choose, or preventing them from discoursing with whom they please. The regulation in question, as applied to appellant, affects only his direct or indirect solicitation of funds from candidates invited to attend the candidates' night event. It does not violate his or other's constitutional right to freedom of speech and association.

Appellant also asserts that the statute has a chilling effect on political speech. This court finds, as did the trial court below, that the only chilling effect on free speech found in the record is that caused by appellant's solicitation of "voluntary donations" from political candidates who were asked to speak at the candidates' night event. This court finds that the statute in question does not extend in scope to encompass speech or association rights protected by the Constitution. The statute merely curtails conduct that the state deems harmful to political campaigning. This court therefore finds that R.C. 3517.09(A) is not overbroad.

■■■ Appellant's void-for-vagueness argument fails as well for the reasons set forth below. The doctrine of vagueness comprises the prohibition of statutes that burden speech by being so vague that they include protected speech in their prohibition or fail to give notice as to the type of speech restricted.

The United States Supreme Court held in *Smith v. Goguen* (1974), 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605, that the void-for-vagueness doctrine "incorporates notions of fair notice or warning. * * * [I]t requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent 'arbitrary and discriminatory enforcement [of the law].' Where a statute's literal scope, unaided by a narrowing state court interpretation, is capable of reaching expression sheltered by the First Amendment, the doctrine demands a greater degree of specificity than in other contexts. [Footnotes omitted.]" *Id.* at 572–573, 94 S.Ct. at 1247, 39 L.Ed.2d at 611–612.

■■■ A vague statute "is one which 'either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application.'" *Cleveland Metro. Park Dist. v. Fladda* (1993), 63 Ohio Misc.2d 110, 111, 619 N.E.2d 1244, 1245. Appellant does not argue that the language or the statute is not clear in its meaning but contends primarily that the statute is so broad that permitted acts are restrained along with the acts sought to be curtailed. From appellant's actions in returning the solicited funds to the candidates after recommendation of such action from appellant's attorney, it is apparent that appellant Lesiak understands the acts that are prohibited by R.C. 3517.09(A) as being the direct or indirect solicitation of contributions from political candidates.

This court finds that the language of the statute is clear and unambiguous. Further, we find that the statute does not prevent appellant, his group, or others from inviting political candidates to speak at their forum, from discussing political ideas with candidates or other groups, or from endorsing the candidates of his choice. The only thing banned by R.C. 3517.09 is the act of soliciting contributions from candidates for political office. We therefore find the language of the statute clear on its face and find that the statute in question is not void for vagueness.

Finally, appellant appears to argue that the statute restricts rights guaranteed under the Constitution of the United States and Sections 3 and 11, Article I, Ohio Constitution. Namely, he contends that the statute restricts the right to assemble and freedom of speech. This court has held:

"In general, [the Ohio Constitutional guarantee of] the enjoyment of life and liberty confers upon the individual the right to do whatever he or she wishes to do so long as there is no valid law proscribing such conduct * * * ." *Preterm Cleveland v. Voinovich* (1993), 89 Ohio App.3d 684, 691, 627 N.E.2d 570, 575.

This court finds that R.C. 3517.09(A) is a valid law, presumed constitutional, that proscribes the conduct of soliciting funds from political candidates. See *Austintown Twp. Bd. of Trustees v. Tracy* (1996), 76 Ohio St.3d 353, 356, 667 N.E.2d 1174, 1176–1177. The law does not restrict the expressive activities of appellant or others and is applied consistently without regard to the content of speech or associational viewpoint. This court finds that R.C. 3517.09 serves a compelling government interest of restricting contributions from political candidates when those contributions will be used to influence the outcome of an election. The United States District Court held that any infringement on political speech caused by application of R.C. 3517.09 was justified by a legitimate government purpose. *Toledo Area AFL–CIO Council v. Pizza* (N.D.Ohio 1995), 898 F.Supp. 554.

For the foregoing reasons, this court finds that R.C. 3517.09(A) does serve a compelling state interest, is narrowly tailored so as not to infringe upon protected speech or freedom of association, is clear and unambiguous on its face, and is not unconstitutional, and that the application of the statute to the actions of appellant did not violate appellant's constitutional rights. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DESHLER, P.J., and BOWMAN, J., concur.